# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number: ***Trustees of the United Plant and Production Workers Local 175 Benefits Fund v. Carlo Lizza & Sons Paving, Inc., Elia Aly Lizza, and John Doe Company***, No. 16-CV-5521 (DRH)(GRB)

Having reviewed all of the moving papers, I hereby find as follows:

### *Service of Process and Default*

X  The record reflects that proper service was made on defendants Carlo Lizza & Sons Paving, Inc. and Elia Aly Lizza.[1] [DE 8]

X  According to the record, no answer, motion or other appearance was filed on behalf of defendants.

X  The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a). [DE 9]

### *Liability*

A defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish defendant Carlo Lizza & Sons Paving, Inc.'s liability[2] on the following cause(s) of action:

---

[1]Plaintiff has not moved against an unidentified company, defendant John Doe Company.  Where a plaintiff asserts claims against a fictitious entity, and failed to identify and serve the fictitious defendant in accordance with Federal Rule of Civil Procedure 4(m), those claims should be dismissed.  *See, e.g., Trustees of the Leather Goods, Plastics, Handbags & Novelty Workers Union Local 1, Joint Retirement Fund v. Key Handling Sys. Inc.,* No. CV 14-2675 (JS) (ARL), 2015 WL 5604184, at *6 (E.D.N.Y. June 5, 2015), *adopted by,* 2015 WL 5604178 (E.D.N.Y. Sept. 23, 2015).  Here, John Doe Company has not been identified and served within the requisite 90 days.  Fed. R. Civ. P. 4(m).  Accordingly, the undersigned respectfully recommends that the claims against John Doe Company be dismissed.

[2]The complaint alleges in conclusory fashion that defendant Elia Aly Lizza was the "Chief Executive Officer of defendant Carlo Lizza & Sons Paving, Inc. and its successors in interest and was the signatory on behalf of said defendant to the aforementioned Paving Division Assumption Agreement and therefore is an 'employer'" within the meaning of ERISA.  Compl. ¶ 13, DE 1.  However, there are no additional facts pleaded sufficient to establish defendant Elia Aly Lizza's status as a "fiduciary" over ERISA funds such that she be held personally liable as an employer for unpaid contributions to the funds.  *In re Halpin,* 566 F.3d 286, 289 (2d Cir. 2009) ("Under ERISA, a person is a fiduciary with respect to a plan to the extent . . . [she] exercises any discretionary authority or control respecting management or disposition of its assets").  Moreover, there are no additional facts from which to infer that defendant Elia Aly Lizza, as an officer, was liable for her corporation's contractual breaches because she had "assumed personal liability, acted in bad faith or committed a tort in connection with the performance of a contract" with plaintiff.  *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1177 (2d Cir. 1993); *see Trustees of the Local 813 Pension Trust Fund v. Canal Carting, Inc.,* No. 12-CV-0060 (CBA) (RLM), 2014 WL 843244, at *7 (E.D.N.Y. Mar. 3, 2014) ("Absent proof that an individual owner or officer intended to assume ERISA liability as a personal obligation [such as by signing a CBA in an individual capacity], the owner will not be held liable for corporate ERISA obligations solely by virtue of his [or her] role as officer, shareholder or manager") (internal quotation marks and citations omitted).  Indeed, here the Assumption Agreement signed by Elia Aly Lizza as officer did not manifest her intent to be personally bound by the

First, Second, Third, Fourth and Fifth Causes of Action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185 to recover unpaid benefit contributions and related relief.

### *Damages*

Whereas unpaid contributions, interest, liquidated damages and reasonable fees and costs are provided pursuant to 29 U.S.C. § 1132(g)(2) and the collective bargaining agreement, and based upon a review of declarations and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiff has established damages in the following amount(s):

| | | |
|---|---|---|
| X **Principal Damages** [DE 15, 16] | | $ __154,419.49__ |
| Consisting of: | Unpaid Contributions [DE 15, Ex. G]: | $ 128,682.91 |
| | Interest on Unpaid Contributions[3] [DE 15, Ex. G]: | $ 12,868.29 |
| | Liquidated Damages[4] [DE 15, Ex. G; DE 22]: | $ 12,868.29 |
| | Audit Fees[5] | $ 0 |

---

Agreement but rather simply recognized that future amendments to the CBAs and trust agreements' terms and conditions entered into by the Union and defendant Carlo Lizza & Sons Paving, Inc. as Employer would be adopted to manage the operation of the funds. *See The 32BJ North Pension Fund and Its Board of Trustees v. Nutrition Management Services Co.*, 2019 WL 3917567, at *5 (2d Cir. Aug. 20, 2019) (observing Second Circuit precedent that requires that an employer "objectively manifest its intent to be bound to an ERISA plan document, not merely note the document's existence, or . . . acknowledge that a future trust agreement will manage the operation of the fund"). Accordingly, the undersigned respectfully recommends that the claims against Elia Aly Lizza be dismissed.

[3] Section 502(g)(2)(B) of ERISA mandates an award of interest on unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). "The amount of interest due for unpaid contributions must be determined by using the rate provided under the plan." *Gesualdi v. J.H. Reid,* 198 F. Supp. 3d 211, 218-19 (E.D.N.Y. 2016). Pursuant to the Plan, the Fund is entitled to annual interest at the rate of 10%. *See* DE 15 ¶¶ 7-11, Ex. D at Article XI, Section 5.

[4] Section 502(g)(2)(C) of ERISA provides for an award of statutory damages equal to the greater of interest on the unpaid contributions or liquidated damages provided for in the plan not to exceed 20 percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). *See J.H. Reid,* 198 F. Supp. 3d at 218-20. Pursuant to the Plan, the Fund is entitled to receive liquidated damages in the amount of the annual interest on unpaid contributions, viz. 10%. *See* DE 15 ¶¶ 7-11, Ex. D at Article XI, Section 5.

[5] Section 502(g)(2)(E) of ERISA allows the court to award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. §1132(G)(2)(E). Based on this language, courts have routinely interpreted the provision to authorize audit fees as a part of a damages award. *See J.H. Reid,* 198 F. Supp. 3d at 221. Pursuant to the Plan, the Fund is entitled to recover the costs of an audit. *See* DE 15 ¶¶ 7-11, Ex. D at Article XI, Section 5, Ex. G. However, although plaintiff seeks $4,050.00 in audit fees, plaintiff has not submitted an invoice detailing the number of hours expended by the auditor in conducting the audit as well as the hourly rate of the auditor(s). *See also Ferrara v. PJF Trucking LLC,* No. 13-CV-7191 (JS) (AKT), 2014 WL 4725494, at *17 (E.D.N.Y. Sept. 22, 2014) (awarding audit fees based on the Trust Agreement provisions and detailed

| | | |
|---|---|---|
| Interest on Untimely Payment[6]s: | $ | 0 |
| X **Attorneys' Fees**, if authorized (see Appendix A) | $ | 0.00 |
| X **Costs**, if authorized (see Appendix A) | $ | 400.00 |
| **TOTAL** | **$** | **154,819.49** |

*Conclusion*

For the foregoing reasons, the undersigned respectfully recommends that plaintiff's motion be granted, default judgment be entered, and that plaintiff be awarded damages in a manner consistent with this Report and Recommendation.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                                    August 29, 2019

GARY R. BROWN, United States Magistrate Judge                        Date

---

invoice documentation). Accordingly, the undersigned respectfully recommends that plaintiff's motion for an award of audit fees be denied without prejudice to a renewal thereof upon submission of supporting documentation, including a detailed invoice to verify the requested reward.

[6]While a plaintiff is not entitled to interest accrued on late-paid contributions pursuant to ERISA, "such redress may be granted where authorized under the CBA or Trust Agreement." *Gesualdi v. Mechanical Insulation Inc.,* No. 14-CV-0724 (JS)(SIL), 2015 WL 729728, at *8 n.1 (E.D.N.Y. Feb. 18, 2015); *see Ferrara*, 2014 WL 4725494, at *16. Plaintiff seeks $103,246.22 in interest accrued for untimely payments made between 2010 to the present. *See* DE 15 ¶¶ 7-8. Although a contractual basis exists for recovering interest for untimely contributions under the CBA, DE 15, Ex. D, plaintiff's submissions are insufficient to support this amount. *See* DE 15 ¶¶ 7-8, Ex. F. For example, there are multiple "Employer Late Payment Interest Reports" for the same time period requested and interest notice letters that do not support the award sought. Accordingly, the undersigned respectfully reports and recommends that plaintiff's motion for an award of interest on late-paid contributions be denied without prejudice to a renewal thereof upon submission of supporting documentation, including a detailed description of the methodology employed and specific calculations made as well as an itemized summary totaling the amount of interest claimed.

# Appendix A to Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest: Attorneys' Fees and Costs

***Case Name and Docket Number: Trustees of the United Plant and Production Workers Local 175 Benefits Fund v. Carlo Lizza & Sons Paving, Inc., Elia Aly Lizza, and John Doe Company***, No. 16-CV-5521 (DRH)(GRB)

*Attorneys' Fees*

Section 1132(g)(2)(D) of Title 29 of the United States Code mandates that a court award attorneys' fees to a plaintiff's successful in an action brought under 29 U.S.C. § 1145.  *See* § 1132(g)(2)(d) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan . . . reasonable attorney's fees . . . ."); *see Finkel v. Athena Light & Power LLC*, No. 14-CV-3585 (DLI)(PK), 2016 WL 4742279, at *10 (E.D.N.Y. Sept. 11, 2016) (citing *LaBarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004)).  At the same time, parties seeking fees within this Circuit are required "to submit contemporaneous records with their fee applications."  *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).  "The records must be made contemporaneously, which is to say, while the work is being done or, more likely, immediately thereafter."  *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010).  The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of hours spent and rates charged, and the contemporaneous records must detail the services rendered in connection with the action, including the name and background of each attorney who worked on the matter, the date the services were performed, the hours spent and the hourly rate charged.  *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Carey*, 711 F.2d at 1148.  Here, plaintiff seeks to recover $4,080.00 in attorney fees, which includes *inter alia* three hours of work for "Post Judgment Procedures."  *See* DE 15, Ex. H.  Plaintiff has not submitted contemporaneous records with its fee application nor has set forth a description of the services rendered in connection with this action.  In addition plaintiff's application fails to provide information regarding the individuals performing the services or the date on which such services were performed.  Accordingly, the undersigned recommends that plaintiff's motion for attorneys' fees be denied without prejudice to renewal upon the submission of proper documentation for the fees sought.

*Costs*

| Item (specify each) | Evidentiary Support | Approved Amount |
|---|---|---|
| Filing Fee | DE 1[7] | $400.00 |
| **Total Costs** | | **$400.00** |

---

[7] Plaintiff has not provided adequate documentation of the costs being sought and simply lists on a "Time & Expense" sheet: Total Billable Expenses $635.00 . DE 15, Ex. H.  Plaintiff has not provided a description of the expenses nor have furnished a receipt or other relevant documentation reflecting the costs.  *See Nationstar Mortg. LLC v. Fernandez*, No. 17-cv-404 (DRH)(SIL), 2017 WL 6767239, at *6 (E.D.N.Y. Nov. 21, 2017) (citing *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015)), *adopted by*, 2018 WL 262837 (E.D.N.Y. Jan. 2, 2018).  The undersigned therefore respectfully recommends that costs be denied without prejudice to renewal upon the submission of proper documentation, with one exception.  The undersigned respectfully recommends that the court take judicial notice that plaintiff incurred the $400 filing fee when commencing this action, *see* DE 1; *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *Fernandez*, 2017 WL 6767239, at *6, and award plaintiff such cost.